GENGER, Appellant, vs. WESTPHAL, Respondent.

*April 20—May 8, 1906.*

*Justices' courts: Pleading: Amendment: Variance: Judgment.*

At the close of the trial of an action on contract in justice's court the justice properly refused to permit the complaint to be amended so as to allege a different contract, evidence of which had been received against objection; but it was error for him afterwards to render judgment for plaintiff, the evidence having wholly failed to prove the contract as alleged.

APPEAL from a judgment of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The appeal is from the reversal of a justice's judgment in a case necessarily triable on appeal upon the record.

The complaint was to the effect that plaintiff furnished defendant at a cheese factory operated by the latter a stated amount of milk under an agreement providing that he should receive therefor the average price per hundred weight paid at any three cheese factories in Dodge county, Wisconsin, to be selected by him other than those owned and operated by corporations, less six cents per hundred weight for cartage; that the average price so paid at such factories during the months when milk was furnished by plaintiff was as alleged (the price for each month being specified), making the amount for plaintiff's milk $132.22, of which $117.76 had been paid, leaving a balance of $14.46, for which judgment was claimed.

The defendant answered by a general denial and a plea of payment for all milk delivered by the plaintiff during the period covered by his claims.

There was no evidence offered by plaintiff supporting the contract alleged as regards the price to be paid to him for milk. The amount he furnished was not disputed. He made proof, mostly under objection, that defendant agreed that he should receive for each month's delivery the price paid oth-

ers who furnished milk for a year.   The evidence on defend-
ant's part was to the effect that no express contract was made
with plaintiff as to the price he should receive for milk and
that he was paid before the commencement of the action the
full reasonable market value of all he furnished.   There was
further evidence, received without objection, that when de-
fendant made the last payment it was by check accompanied
by a statement to the effect that such payment should be in
full for the balance due.

At the close of the evidence plaintiff asked leave to amend
the complaint so as to declare on an agreement that he was
to receive for his milk the price paid to other patrons who fur-
nished milk for a whole year, regardless of the period cov-
ered by his deliveries.   The application was denied, defend-
ant claiming that its allowance, under the circumstances,
would work prejudice to him.   The justice then took time to
consider and decide.   Subsequently he entered judgment in
favor of the plaintiff in accordance with the prayer of the
complaint.   In the circuit court the judgment was reversed
upon the ground that the amendment was properly rejected
by the justice, and that he committed error of law in subse-
quently rendering judgment regardless of the contract stated
in the complaint.

*J. C. Russell,* for the appellant.

For the respondent the cause was submitted on the brief of
*Sawyer & Sawyer.*

MARSHALL, J.   Very little, it seems, need be said in dis-
posing of this case.   The conclusion necessarily follows from
the statement that the judgment should be affirmed.

The record amply shows that no attempt was made, on the
trial in justice's court, to prove the contract relied upon in the
complaint.   The allegations in that regard were the ones put
in issue by the answer and presumably the only ones respond-
ent expected to meet.   While it is claimed by appellant that

·evidence establishing a contract liability in accordance with the amendment requested at the close of the trial, was re-·ceived without objection, the record seems to indicate quite ·clearly to the contrary, as respondent's counsel contends. Moreover, it is by no means clear that the evidence received warranted the judgment in any event.

It was eminently proper for the justice to deny, as he did, the application for leave to amend under the circumstances. Just as clearly it was an abuse of authority for him after-wards, and after the case had been continued merely to en-·able him to pass upon the question of the rights of the parties under the pleadings and the evidence, to render judgment upon a claim not within the issues made by such pleadings. The circuit court was clearly right in correcting that mistake by reversing the justice's judgment.

*By the Court.*—The judgment is affirmed.